IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KIRK ANTHONY BOTTS, | ) | 4:13CV3072 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| RYAN MCINTOSH, LESLIE MCINTOSH, STATE OF NEBRASKA, KAREN FLOWERS, GALE POKORNY, GERALD ROUSE, JOSH BARBER, and THOMAS FOX, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court on initial review of Plaintiff's Complaint. (Filing No. 1.) Plaintiff has been granted leave to proceed in forma pauperis in this matter. (Filing No. 5.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I.  **SUMMARY OF COMPLAINT**

Plaintiff filed his *pro se* Complaint against the State of Nebraska and seven individuals. (Filing No. 1 at CM/ECF p. 1.) Plaintiff's Complaint is nonsensical. The only claim the court is able to discern is that "Defendants have kidnapped plaintiff's progeny." (*Id.* at CM/ECF p. 2.) Plaintiff does not provide any facts to support this claim, or explain who any of the individual Defendants are or what specifically they did to him. As relief, Plaintiff seeks 100 million dollars. (*Id.* at CM/ECF p. 1.)

## II.   APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III.   DISCUSSION OF CLAIMS

The court has carefully reviewed Plaintiff's Complaint. Plaintiff's allegations that Defendants, including the State of Nebraska, have "kidnapped [his] progeny" do not nudge any claim across the line from conceivable to plausible. Plaintiff does not set forth any specific actions taken by any Defendant that violates his constitutional rights or supports a claim under 42 U.S.C. § 1983. In short, Plaintiff does not allege that Defendants deprived him of a right secured by the Constitution or laws of the United States or that the alleged deprivation was committed under "color of state law." *West,* 487 U.S. at 48; *Buckley,* 997 F.2d at 495. Even with the most liberal construction, Plaintiff's Complaint does not include "sufficient facts to support the claims advanced," and is, at best, frivolous and nonsensical. *Stringer v. St. James R-1 School Dist.*, 446 F.3d 799, 802 (8th Cir. 2006).

Out of an abundance of caution, on the court's own motion, Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint that sufficiently describes his claims against Defendants. Plaintiff should be mindful to explain what each Defendant did to him, when the Defendant did it, how the Defendants' actions harmed him, and what specific legal right Plaintiff believes Defendants violated.

IT IS THEREFORE ORDERED that:

1.   Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint that clearly states a claim upon which relief may be granted against Defendants. If Plaintiff fails to file an amended complaint, his claims against Defendants will be dismissed without further notice.

2.    The clerk's office is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on September 16, 2013.

DATED this 15th day of August, 2013.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

4